UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In Re**
**Engle Progeny Cases Tobacco Litigation**

          Case Nos. 8:15-cv-2493-T-27EAJ
                 8:15-cv-2494-T-27MAP
                 8:15-cv-2495-T-23MAP
                 8:15-cv-2496-T-17TBM
                 8:15-cv-2497-T-24TGW

_____/

**REPORT AND RECOMMENDATION**

Before the Court are **Motions to Remand and for Attorney's Fees** filed by the Plaintiffs and responses filed by the Defendants in these five related cases.[1] With the consent of all assigned district judges, these motions have been referred to the undersigned for consideration and issuance of a Report and Recommendation as they are "substantially identical." (Dkt. 14) See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.  For the reasons that follow, the Court recommends granting Plaintiffs' requests to remand each case, but denying their requests for attorneys' fees.

**Background**

These five cases are among thousands of personal injury and wrongful death actions brought against tobacco companies that have been litigated in Florida courts, state and federal, over the last two decades. See In re Engle Cases, 767 F.3d 1082, 1086 (11th Cir. 2014).

---

[1] Lenoir v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2493-T-27EAJ (Dkt. 12, 13); Mosley v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2494-T-27MAP (Dkt. 14, 15); Zupo v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2495-T-23MAP (Dkt. 15, 16); Stalley v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2496-T-17TBM (Dkt. 13, 16); Abbey v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2497-T-24TGW (Dkt. 12, 14).  Given the similarity of the filings, unless otherwise indicated, all docket citations herein will refer to the docket for Lenoir v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2493-T-27EAJ.

A putative class-action lawsuit filed in 1994 against major tobacco companies resulted in a certified class with members defined as "all Florida citizens and residents . . . and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine." R.J. Reynolds Tobacco Co. v. Engle ("Engle I"), 672 So. 2d 39, 41-42 (Fla. 3d DCA 1996). Originally estimated at 300,000 members, the class expanded to approximately 700,000 members. Liggett Grp. Inc. v. Engle ("Engle II"), 853 So. 2d 434, 443 (Fla. 3d DCA 2003). The trial court first conducted a year-long jury trial regarding common issues relating to liability. Id. at 441. Then, the trial court conducted a second trial regarding damages that concluded with a jury awarding compensatory damages of $12.7 million for three class representatives and punitive damages for the class totaling $145 billion. Id. The Third District Court of Appeal decertified the class and vacated the punitive damages award. Id. at 442, 450.

The Florida Supreme Court affirmed the Engle II court's decision to decertify the class and vacate the punitive damages award but disapproved of several of the Engle II court's other holdings. Engle v. Liggett Grp., Inc. ("Engle III"), 945 So. 2d 1246, 1266 (Fla. 2006). For reasons not pertinent to the issues involved in the motions to remand, the Engle III court permitted class members to initiate individual damages actions within one year of its mandate.[2] Id. at 1269.

These five cases stem from state-court cases originally filed in December 2007, within the one-year deadline specified in Engle III. (Dkt. 1) The 2007 complaints involved multiple plaintiffs, were brought against several tobacco companies, and asserted claims for strict liability, negligence,

---

[2] That deadline ended on January 11, 2008. See In re Engle Cases, 767 F.3d at 1089.

fraudulent concealment, conspiracy to commit fraudulent concealment, breach of implied warranty, and breach of express warranty.[3] (Dkt. 1 Ex. 2 at 26-38)

Between November 2013 and July 2015, Plaintiffs filed unopposed motions to sever their claims in state court from the original multi-plaintiff complaints and to file amended, severed complaints. Plaintiffs' motions were granted on September 21, 2015. The severance orders accomplished the following: the cases of multiple plaintiffs were severed with leave for each plaintiff to file a "separate, individual, amended complaint" within 60 days and pay any required filing fee; the separate complaints related back to the filing of the initial complaints. However, service of process was not required. The court further noted Defendants agreed to severance, but Defendants' agreement was not construed to waive any defenses. The clerk was to assign a new case number to each severed case. (Dkt. 12 Ex. 2 at 2-4)

In four of the five severed cases, the present plaintiffs were substituted as personal representatives of the decedents' estates after the original plaintiffs had died; wrongful death claims were added to the amended complaints. (Dkt. 1 at 6-7) New case numbers were assigned, and the amended complaints were docketed in those newly created case files.[4] (Id. at 7-8) The original

---

[3] Two of the tobacco companies named as defendants, Vector Group Ltd. and Liggett Group LLC ("Vector and Liggett"), were considered Florida citizens, preventing the cases from being removed to federal court on diversity jurisdiction grounds when initially filed. (Dkt. 1 Ex. 2 at 29) Vector and Liggett were dismissed as part of a global settlement reached in 2013. (Dkt. 1 Ex. 3) While Vector and Liggett were identified in the caption of the cases of Plaintiffs Lenoir and Abbey and were identified as defendants in each of the amended complaints, Plaintiffs concede that there are no longer claims against these entities and their inclusion is erroneous. (Dkt. 12 at 8 n.4) Defendants agree. (Dkt. 13 at 4 n.1)

[4] Although the state court severance orders indicated that Plaintiffs should pay any filing fees required by the clerk (Dkt. 12 Ex. 2 at 2), only Plaintiff Stalley paid the fees at the time Defendants removed these five cases. See Stalley, No. 15-cv-2496-T-17EAJ, Dkt. 14 Ex. 3. "[T]he failure to pay a filing fee is a matter which essentially concerns only the clerk and should

multi-plaintiff complaint is the first docket entry in each case. (Dkt. 12 Ex. 3) On October 22, 2015, Defendants removed these cases to this court. (Dkt. 1)

**Legal Standard**

As the jurisdiction of the federal courts is limited, removal statutes are strictly construed. Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." Id.

A district court must have original jurisdiction over a case for it to be removed. 28 U.S.C. § 1441(a). Original jurisdiction exists in cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). A case must be removed by the defendant within 30 days after receipt of the initial pleading or within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Generally, a case may not be removed "more than 1 year after commencement of the action . . . ." 28 U.S.C. § 1446(c). Section 1446 was amended in 2011, effective January 6, 2012, to permit removal beyond the one-year period where a plaintiff acted in bad faith to prevent the defendant from removing the action. Pub. L. No. 112–63, 125 Stat. 758 § 103 (2011). The amendment applies to "any action . . . commenced on or after [the] effective date." Id. § 105(a).[5] "In general, when an action is

---

not inure to the benefit of the opposing party." Outboard Marine Domestic Int'l Sales Corp. v. Florida Stevedoring Corp., 483 So. 2d 823, 824 n.3 (Fla. 3d DCA 1986).

[5] Defendants' notices of removal allege fraudulent joinder of Vector and Liggett to the extent claims are brought against them in light of the settlement. (Dkt. 1 ¶ 3(d)) But there are no allegations of bad faith regarding the presence of non-diverse defendants as the parties agree that there are no claims against the non-diverse entities. Accordingly, the Section 1446 amendment does not change the Court's analysis regarding the one-year removal period.

'commenced' for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed." Moultrop v. GEICO Gen. Ins. Co., 858 F. Supp. 2d 1342, 1346 (S.D. Fla. 2012).

"A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997) (per curiam).

## Discussion

### A.     Timeliness of Removal

Plaintiffs present several arguments in support of their contention that these five cases were untimely removed. (Dkt. 12)  First, they maintain that the 1994 Engle I class action complaint first set forth Plaintiffs' claims. This argument is without merit. It is contrary to the plain language of the Florida Supreme Court in Engle III, which decertified the class and held that "[i]ndividual plaintiffs within the class will be permitted to proceed individually with the findings set forth above given res judicata effect in any subsequent trial between individual class members and the defendants, provided such action is filed within one year of the mandate in this case." Engle III, 945 So. 2d at 1277.

Next, Plaintiffs aver that the 2007 multi-plaintiff complaints from which their claims were severed set forth their claims that are now before the Court. They contend that the amended, severed

5

complaints are "simply an amendment" to the 2007 complaints. Plaintiffs also note that the first pleadings in the dockets of the new cases are the 2007 complaints from which the claims were severed. (Dkt. 12 at 12-13)

Finally, even if the amended, severed complaints were considered new causes of action, Plaintiffs assert that Defendants did not remove the cases within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

Defendants respond that the September 2015 severance of these cases in state court reset the clock and made the cases removable. (Dkt. 13) Defendants further maintain that the removed cases are "separate and distinct actions" which differ from the original multi-plaintiff complaints as they were filed on behalf of only one Plaintiff and seek individual trials, they no longer assert claims against the non-diverse defendants, and they assert wrongful death claims that were not asserted in the multi-plaintiff complaints.[6] (Id. at 8-9) Additionally, Defendants contend that the amended, severed complaints were not properly served on Defendants on the day the complaints were assigned new cases numbers, and, therefore, the removal of each case was timely.

There is a split among federal courts as to whether the severance of claims in state court commences a new action that resets the clock for removal or whether the case commences when the

---

[6] To the extent Defendants argue that four of the five severed complaints allege wrongful death claims not raised in the original multi-plaintiff complaints, Plaintiffs point out that the Florida Supreme Court has held that "upon the death of a party plaintiff in a personal injury action, the personal representative of the decedent's estate may be added to the pending action as a party and, thereafter, shall have a reasonable opportunity to file an amended pleading that alleges new or amended claims and causes of action." Capone v. Philip Morris USA, Inc., 116 So. 3d 363, 377-78 (Fla. 2013). Recognizing an express and direct conflict between the Second and Third District Courts of Appeal, the Capone court specifically rejected the ruling of Third District Court of Appeal that amending the complaint was not permissible and that a litigant must commence a new and independent wrongful death action. Id. at 377.

complaint is initially filed in state court even when claims are severed. See In re Boston Sci. Corp., No. CV 15-06764, 2015 WL 6456528, at *4-6 (C.D. Cal. Oct. 26, 2015) (collecting cases and determining that a severance order does not commence a new action). There is no controlling precedent from the Eleventh Circuit on this issue.

Another court in this District recently addressed similar motions regarding removal of severed Engle progeny cases, remanding 33 cases that were removed by Defendants. See Cinnater v. R.J. Reynolds Tobacco Co., No. 6:15-cv-1252-Orl-28GJK, 2015 WL 7450494, at *1 (M.D. Fla. Nov. 24, 2015). The Cinnater court recognized that treating the amended complaints as new actions "is to treat severance as de facto dismissal of the misjoined actions, a result flatly rejected by [applicable state law]."[7] Id. at *4 (citation omitted). The Cinnater court found that "the New Complaints are akin to amended complaints filed to correct a pleading error, which do not commence a new action within the meaning of § 1446." Id. (citation omitted).

Defendants allege that the Cinnater court erred in analogizing the severed complaints to amended complaints as the severed complaints were assigned new docket numbers, thereby commencing new actions. (Dkt. 13 at 16-17) Defendants cite to a number of cases in support of their position that the severance constituted the initiation of a new cause of action and that removal

---

[7] Pursuant to Rule 1.250(a), Fla. R. Civ. P., "[m]isjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately." Rule 1.250 is patterned after Rule 21, Fed. R. Civ. P. See Roberts v. Keystone Trucking Co., 259 So. 2d 171, 174 (Fla. 4th DCA 1972); see also Fla. R. Civ. P. 1.250, Authors' Comment - 1967 ("Rule 1.250 is the same as former Rule 1.18, 1954 Rules of Civil Procedure as well as Federal Rule 21."). Rule 21, Fed. R. Civ. P., provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken." Hofmann v. De Marchena Kaluche & Asociados, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam).

was timely. Yet, as the Cinnater court noted, "[t]hese largely-unpublished opinions provide persuasive authority at best, and even that is diluted by distinguishable circumstances or lack of analysis." 2015 WL 7450494, at *4 (listing seven cases cited by Defendants).[8] The Court is persuaded by the reasoning in Cinnater as well as the reasoning in Perez v. Lancer Ins. Co., No. C.A. C-06-388, 2006 WL 2850065, at *3 (S.D. Tex. Oct. 4, 2006).

In Perez, the court looked to a similar Texas law for determining when a case was commenced for the purposes of removal.[9] The Perez court held that "[a]n order of severance, even if it creates a new caption and cause number, is not a 'petition' that 'commences' an action within the plain meaning of Texas Rule of Civil Procedure 22." 2006 WL 2850065, at *3. Given the similarity of the Texas and Florida rules, this reasoning applies here as well.

Defendants elevate form over substance in arguing that the severance orders created entirely new causes of action. (Dkt. 13 at 17)  The causes of action in the severed complaints are substantially similar to the claims that were first brought in the 2007 multi-plaintiff complaints; further, the severance orders provided that the amended complaints relate back to the filing date of the initial multi-plaintiff complaints. (Dkt. 12 Ex. 2 at 3)  The severance orders were merely an effort to administratively manage otherwise unmanageable cases.[10] Although new case numbers

---

[8] These same seven cases are discussed by Defendants in their response. (Dkt. 13 at 9-11, 15)

[9] The rule in Texas is similar to the Florida and federal rules providing that a civil action commences when a petition or complaint is filed. See Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); see also Fla. R. Civ. P. 1.050 ("Every action of a civil nature shall be deemed commenced when the complaint or petition is filed . . . ."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

[10] The unique nature of the Engle progeny cases and the burden they place upon the state and federal courts is undeniable. Given the impact of Engle III, many of the approximately

were assigned and filing fees required, the causes of action derive from the originally asserted complaints. The severance orders directed Plaintiffs to file amended complaints, albeit in a new case. Furthermore, the original multi-plaintiff complaint is the first docket entry of the severed cases. (Dkt. 12 Ex. 3) The new complaints did not assert a new cause of action as Plaintiffs' claims relate back to the original complaints.[11]

Consistent with the holding in Cinnater, the severance orders in these five cases did not result in new causes of action resetting the deadlines for removal. See 2015 WL 7450494, at *3-4 ("Construing the removal statute in favor of remand, the Court finds that Defendants' notices of removal were not filed within the Year Deadline.") (citation omitted); see also In re Boston Sci. Corp., 2015 WL 6456528, at *6. The actions commenced for the purposes of removal with the filing of the initial multi-plaintiff complaints in December 2007, more than eight years ago. Accordingly, remand of these five cases is appropriate as the notices of removal were not timely filed by Defendants.

---

700,000 Engle class members and their counsel rushed to file their complaints in multi-plaintiff actions within the one-year period allowed. After that, courts had to decide the cases; adjudicating that number of cases presented an enormous challenge. See, e.g., In re Engle Cases, 767 F.3d at 1091 ("But the court wasn't satisfied with chipping away at the mountain a handful at a time; it sought additional ways to shorten the otherwise hundred-year task of trying the cases even in batches.").

[11] A similar procedure was initiated in the Jacksonville Division of the Middle District when it severed the consolidated cases of 4,432 individual plaintiffs. See In re Engle Cases, No. 3:09-cv-10000-J-32HTS, Dkt. 1 Ex. 8 at 2 (M.D. Fla. Nov. 27, 2009) ("Given the substantial logistical issues involved in handling these cases, the Court has determined to begin [the process of adjudicating individual claims] now by severing the cases."); see also In re Engle Cases, 767 F.3d at 1091 ("The 4,432 cases were given separate docket numbers. The docket entries indicated that the case had only one plaintiff—all of the tobacco companies remained named as defendants in each case.").

### B.     Attorneys' Fees

Plaintiffs also request attorneys' fees, asserting Defendants lacked a reasonable basis for removing these actions. (Dkt. 12 at 25) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs have not established that Defendants lacked a reasonable basis in removing this action. Accordingly, an award of fees and costs is inappropriate. See Cinnater, 2015 WL 7450494, at *5 ("Whatever their motivation for removal, though, Defendants were not entirely without authority from [which] to make a reasonable, though unsuccessful, argument for removal.").

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiffs' Motions to Remand and for Attorney's Fees be **GRANTED in part and DENIED in part** as set forth above; and

(2)     these cases be **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

**DATE: February 16, 2016**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies to:
Counsel of Record
Pro Se Parties
District Judge