UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re**
**Engle Progeny Cases Tobacco Litigation**

_____/

*Hollie Lenoir v. R.J. Reynolds Tobacco Co., et al.*   Case No.: 8:15-cv-2493-T-27EAJ

*Lewis Mosely v. R.J. Reynolds Tobacco Co., et al.*   Case No.: 8:15-cv-2494-T-27MAP

_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation ("R&R") recommending that Plaintiffs' Motions to Remand and for Attorney's Fees be granted as to remand and denied as to attorneys' fees.[1] (Case No.: 8:15-cv-2493-T-27EAJ, Dkt. 16; Case No.: 8:15-cv-2494-T-27MAP, Dkt. 18). Defendants object to the R&R (Dkts. 17, 19), to which Plaintiffs respond (Dkts. 18, 20). Upon an independent examination of the file, and a *de novo* review of those portions of the R&R objected to and the legal conclusions in the R&R, Defendants' objections are overruled. The R&R is adopted. Remand is appropriate, since the notices of removal were untimely under 28 U.S.C. § 1446(c). *See Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n. 1 (11th Cir. 2008) (untimeliness constitutes procedural defect in removal).

### Standard of Review

A *de novo* review is conducted with respect to those portions of an R&R to which objection

---

[1] Defendants removed five *Engle* progeny cases to the Tampa Division, including the instant two. The motions to remand in each case, which are substantially identical, were referred to the Honorable Elizabeth A. Jenkins for a R&R. She issued an identical R&R in each case.

1

is made, and to the legal conclusions in the R&R. *Id.*; *See LeCroy v. McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## Discussion

These cases were originally part of a 1994 putative class action filed against several tobacco companies. *See In re Engle Cases*, 767 F.3d 1082, 1086 (Fla. 2014). After the class was certified, trials on liability and damages were conducted, resulting in awards of compensatory and punitive damages. *Liggett Grp., Inc. v. Engle*, 853 So. 2d 434, 441 (Fla. 3d DCA 2003). The class was subsequently decertified and the punitive damages award vacated. *Id.* at 442. The Florida Supreme Court affirmed decertification of the class and the vacating of punitive damages, and permitted the individual plaintiffs to pursue individual damages actions within one year of its mandate, with *res judicata* effect as to certain findings. *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1269 (Fla. 2006). Relevant here, these Plaintiffs (or their decedents) joined in a multi-plaintiff case filed in Hillsborough County Circuit Court in 2007, asserting individual claims.

Pursuant to an agreed September 21, 2015 order, the individual claims, including Plaintiffs' claims, were severed and the individual plaintiffs were granted leave to file amended complaints. The order expressly provided that the amended complaints would relate back to the filing of the original multi-plaintiff case. And the first docket entry in the new cases is the original multi-plaintiff complaint, and each case was docketed as if filed on September 21, 2015. Defendants filed their notices of removal based on diversity on October 22, 2015.

The Magistrate Judge correctly concluded that the notices of removal were untimely under 28 U.S.C. § 1446(b)(3) and (c). The notices of removal were filed more than eight years after the 2007 multi-plaintiff case was filed, and more than one year after the dismissals of Liggett and Vector in 2013, which established complete diversity.[2]

Defendants first contend that the Magistrate Judge "conflated the issue of whether severance orders by themselves commence new actions with the issue of whether new *complaints* with new docket numbers filed after severance orders commence new actions." (emphasis in original). Defendants contend that the Magistrate Judge "also erred by conflating whether the 2015 Complaints commenced new 'causes of action' or 'claims' with the question of whether they commenced the *'actions'* that were removed." (emphasis in original). Neither contention is persuasive.

While Defendants may be correct that the focus should be on whether the filing of the individual complaints, rather than the severance order, "commenced" new, independent actions for purposes of the one-year removal deadline in 28 U.S.C. § 1446(c), I agree with the Magistrate Judge that the individual amended complaints relate back to the 2007 multi-plaintiff complaint, and therefore did not "commence" a new action under Florida law that reset the deadline for removal. *See Cinnater v. R.J. Reynolds Tobacco Co.*, No. 615CV1252ORL28GJK, 2015 WL 7450494, at *4 (M.D. Fla. Nov. 24, 2015). The severance order merely directed each plaintiff to file an amended individual complaint "to accomplish the severance." (*See, e.g.*, Dkt. 13-2 at 5). The amended

---

[2] It is undisputed that the original 2007 multi-plaintiff action was not removable based on diversity, since Defendants Liggett and Vector were Florida citizens. However, pursuant to a global settlement, Liggett and Vector were dismissed in 2013. Notwithstanding that complete diversity existed after the 2013 dismissals, Defendants did not attempt removal until they filed their notices of removal in 2015. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

complaints plead essentially the same claims against the same defendants as the original multi-plaintiff complaint filed in 2007. The Magistrate Judge correctly concluded that the "new complaints did not assert a new cause of action as Plaintiffs' claims relate back to the original complaints."

Defendants' second objection essentially argues that although the claims in the individual complaint are the same as in the 2007 multi-plaintiff complaint, the "action" is not. However, Defendants acknowledge: "[T]he 2007 Actions were never dismissed. Each one is *continuing* in the name of a single plaintiff. Nor were any of Plaintiffs' claims dismissed, as they are now *continuing* in new actions." (Dkt. 17 at 7 n.2) (emphasis added).[3]

In Florida, a severance order does not effect a dismissal of the original claims. *See* Fla. R. Civ.P. 1.250(a); *Harrell v. Hess Oil & Chem. Corp.*, 287 So. 2d 291, 294 (Fla. 1973) (misjoinder of parties not a ground for dismissal). Rather, those claims continued, albeit here, with new case numbers. The effect of severing the individual cases was therefore nothing more than a continuation of the original claims in a separate action, as contemplated in the agreed severance order.

Neither did the filing of the individual amended complaints constitute a "commencement" of the actions, for purposes of removal. The plain language of § 1446(b) suggests that "commencement of the action" means the filing of the original complaint that sets in motion the resolution of all claims that may be properly disposed of in the action. *See Moultrop*, 858 F. Supp. 2d at 1341, 1346-47. The law of the state in which the action was originally filed determines when an action is "commenced," for purposes of removal. *Id.* at 1346. In Florida, an action is deemed to

---

[3] *Accord Cinnater*, 2015 WL 7450494, at *4 ("As such, the Court agrees with Plaintiffs that the New Complaints are akin to amended complaints filed to correct a pleading error, which do not commence a new action within the meaning of § 1446.) (citing *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1346-47 (S.D. Fla. 2012)).

4

have commenced upon the filing of the initial complaint Fla.R.Civ.P. 1,050; *Szabo v. Essex Chemical Corp.*, 461 So. 2d 128 (Fla. 3d DCA 1984). Here, the initial complaint is the multi-plaintiff complaint filed in 2007. It follows that the severance order did not reset the one year removal period under § 1446(c).

Accordingly, it is **ORDERED**:

1. The Report and Recommendation (Dkts. 16, 18) is **APPROVED** and **ADOPTED**.

2. Plaintiffs' Motions to Remand and for Attorney's Fees (Dkts. Case No.: 8:15-cv-2493-T-27EAJ, Dkt. 12; Case No.: 8:15-cv-2494-T-27MAP, Dkt. 14) are **GRANTED** as to remand and **DENIED** as to attorney's fees. Defendants had an objectively reasonable basis for seeking removal.

3. This case is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this 20th day of April, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record